## MAXWELL ET AL. *v.* CAMPBELL ET AL.

NEW TRIAL.—*Effect on Judgment.*—In an action to recover the possession of real estate, where there has been a trial and judgment, the granting of a new trial under the statute operates as a vacation of the judgment, without any special order to set it aside.

GUARDIAN AND WARD.—*Sale of Real Estate.—Statute of 1843.*—Under the revised statutes of 1843, a guardian in making sale of the real estate of his ward, at private sale, was not required to give notice of the sale, but he should have reported the sale to the court for confirmation, before making a conveyance.

SAME.—*Jurisdiction to Appoint Guardian.*—If minors have real estate in this State, a guardian may be appointed for them in the county where the real estate lies, though the minors may be non-residents.

VENDOR AND PURCHASER.—*Equitable Title.*—Where a purchaser of real estate, sold by a guardian under a valid order of sale, has paid the purchase-money, and is in possession of the real estate, and the sale has been confirmed, he has an equitable title to the same, and is entitled to retain possession as against the wards.

From the St. Joseph Circuit Court.

*G. W. Frasier, M. K. Farrow,* and *J. S. Frazer,* for appellants.

*T. J. Merrifield, W. H. Calkins,* and *J. Bradley,* for appellees.

WORDEN, J.—This was an action by the appellants, who were the heirs at law of Arthur Maxwell, deceased, against the appellees, to recover possession of an eighty-acre tract of land, situate in La Porte county. Answer of general denial.

There was one trial of the cause, resulting in a verdict and judgment for the plaintiffs; but a new trial was afterward granted to defendants, under the statute, on payment of costs. It is objected that the former judgment was not set aside. We are of opinion, however, that the granting of a new trial in the cause operated as a vacation of the former judgment, without any special order setting it aside.

A change of venue was taken to St. Joseph county, where the cause was finally tried, resulting in a verdict and judgment for the defendants.

The whole case is before us on the evidence. Arthur Maxwell, about the year 1848, died seized of the land in controversy, and the plaintiffs were entitled to recover, unless the following proceedings in the probate court and court of common pleas precluded them.

After the death of Arthur Maxwell, his widow, Eliza, was appointed guardian for his children and heirs, they being infants, by the Probate Court of La Porte county, gave bond and took the oath required by law. At the May term of the probate court of said county for the year 1852, she filed her petition in said court for authority to sell the lands, as follows :

" In the matter of the Guardianship of Robert G. Maxwell *et al.*

" Now comes Eliza Maxwell, guardian of the persons and estates of Robert G. Maxwell, James W. Maxwell, Oscar A. Maxwell, and Frances E. Maxwell, and respectfully showeth that the personal estate of said Robert G., James W., Oscar A., and Frances E. Maxwell is not sufficient for their, or either of their sustenance and education; that a piece of land in said county is a part of their estate, to wit " (here the land is described mentioned in the complaint herein); " that the avails of said land are needed for the sustenance and support of said wards. Your memorialist therefore prays that your honor would make an order for the appraisement and sale of said lands, and that the avails of the same may be made a fund in the hands of your memorialist for the sustenance and education of said wards during their minority, out of their respective shares thereof.

(Signed) " Eliza Maxwell."

This petition or memorial was duly verified by the guardian. Whereupon, it was considered by the court to be for the interest of said wards to sell the land; and the court appointed appraisers, who took the required oath and returned their appraisement of the land at one hundred and fifty dollars. The guardian gave the required additional bond. Whereupon, it was " ordered and decreed by the court that

said guardian aforesaid do proceed to sell the said real estate in said petition mentioned, at private sale for cash in hand, not selling the same for less than the appraised value."

On the 11th of August, 1853, the said guardian, in pursuance of the order of the court, sold the land to Thomas A. Campbell, for the sum of two hundred and fifty dollars in hand paid, and she then executed to him a deed for the same as such guardian, though she had not reported the sale to the court, nor had the court ordered the deed. Afterward, at the June term for the year 1855, of the La Porte Court of Common Pleas, that court having superseded the probate court, it was shown to the court that said Eliza Maxwell had deceased, and thereupon Daniel Noyes, Esq., was appointed guardian for said heirs, who took the oath and gave the bond required. Noyes, as such guardian, reported the aforesaid sale to the court, and also the deed, which had been thus executed; whereupon the court approved the sale and also the deed.

It appeared on the trial of this cause, that in the fall of the year 1852, the said Eliza removed with her said wards to the State of Ohio; that she died in the year 1854, and that the wards have not resided in this State since their removal.

We regard the proceedings as quite regular up to and including the sale made by Eliza Maxwell, the former guardian, to the defendant Campbell. The petition for the sale was ample; as was also the power of the court to authorize it. R. S. 1843, p. 612, sec. 110. But before making the deed, she should have reported the sale to the court for its confirmation, and for an order directing the conveyance. The sale being a private one, no notice thereof was necessary under the statute in force at the time the order was made. *Rice* v. *Cleghorn,* 21 Ind. 80; *Worthington* v. *Dunkin,* 41 Ind. 515.

It is objected that the court of common pleas had no jurisdiction to appoint Noyes as guardian of said heirs, they being at the time non-residents of the State. Unless they were divested of their title by the sale thus made by their former

guardian, and the conveyance made by her, they had real estate in La Porte county, and this fact, although they were non-residents, gave the court jurisdiction to appoint them a guardian. 2 G. & H. 563.

Noyes, as such guardian, reported the sale of the former guardian to the court, and the court approved it. This order of approval, if erroneous, was by no means a nullity. It was valid until by some means set aside. We need not determine whether the approval by the court of the deed which had been made by the former guardian, she being then dead, operated to make it a valid conveyance, so as to vest the legal title to the premises in Campbell, the purchaser. If it should be held that such is not the case, still Campbell and those claiming under him have a clear equitable title to the premises by virtue of his purchase under a valid order of the court, the payment of the purchase-money, and the approval of the sale by the proper court. This entitles him to a valid deed if the one he has is invalid. Having such equitable title, it can be interposed as a defence to the action.

The plaintiffs not only have not the right to possession, but the statute expressly provides that in actions to recover real estate, equitable as well as legal defences may be interposed. 2 G. & H. 283, sec. 596.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.

OSBORN, J., was absent when this cause was considered.