Morrow v. James.

Opinion delivered July 13, 1901.

1.  TAX TITLE—WHO MAY ACQUIRE.—One who has undertaken and is under obligation to redeem land from taxes can not acquire title thereto at a tax sale.   (Page 540.)

2.  GUARDIAN'S SALE—CONFIRMATION.—Where a guardian never reported a sale of his ward's land to the probate court, but four years after the sale the purchaser presented his deed to the court, by which it was approved, neither the guardian nor the ward being present, there was no confirmation of the sale, and the statute of limitation of five years, applicable to judicial sales, would not begin to run.   (Page 540.)

3.  LIMITATION—REMAINDERMAN.—Where land was devised to plaintiff's mother for life, with remainder to the heirs of her body, plaintiff's right to recover her interest therein would not be barred until seven years after her mother's death.   (Page 541.)

Appeal from Crittenden Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

STATEMENT BY THE COURT.

This suit is in ejectment by appellant for certain lands described in the complaint.   There was judgment for the appellee, from which appeal was taken to this court.   The appellant claimed by virtue of the eighth clause of the will of his grandfather, George S. Fogelman, which reads as follows: "Item 8.   As to the balance and remainder of my estate, real, personal and mixed, after paying off my debts and the above specified legacies, I do hereby will, give and bequeath to my beloved daughter, Mississippi Morris, wife of Charles S. Morris, of said county, to be hers during her natural life, and then to belong to the heirs of her body; it being

my intention to settle the same upon my said daughter and the heirs of her body." The appellant is an heir of the body of Mississippi Morris, and claims one-third of the land in controversy.

The appellee answered, denying the title of the appellant, and setting up title in himself. He alleges that the interest of the appellant was sold by her guardian, under orders of the probate court of Crittenden county; that he was the purchaser; and that the sale was approved by said court. He next alleges that appellant had no interest in the land to be sold; that, under the will, Mississippi Morris took an absolute estate. The answer relies upon seven years' adverse possession, and avers that he purchased 147 acres of fractional section three, on November 3, 1879, and the balance of said section on June 30, 1880, under tax sale, and avers that he has had adverse possession since said dates. Pleads the statute of limitations of seven years, of five years and of two years. The answer also alleges that after the appellant became of age she ratified and confirmed the sale of said lands as made by her guardian, B. I. Olmstead.

*Norton & Prewett,* for appellants.

The order of confirmation is void as to appellant, because the record shows that neither she nor her guardian was before the court. 1 Black, Judg. § 242; 55 Ark. 562; 56 Ark. 419; 2 How. 43.

*F. H. Heiskell, of Tennessee,* for appellee.

As the lands were not purchased at tax sale, the defendant is protected by the statute of limitations of five years. Sand. & H. Dig., § 4818; 53 Ark. 400; 60 Ark. 167; 72 Ia. 24; 75 Ia. 253. The order of the probate court is not open to such collateral attack as is here attempted.

HUGHES, J., (after stating the facts). We are of the opinion that there is no sufficient evidence to show that appellant had ratified and confirmed the sale of her interest in the land in controversy by Olmstead, her guardian. We think that the record shows that appellee undertook and was obliged to redeem the land from taxes, and could not therefore set up the tax purchase in bar of plaintiff's right of action.

Before the statute of limitations of five years could apply, there must have been confirmation of the sale made under the order of the probate court. Without confirmation, there was no sale.

*Maxwell* v. *Campbell,* 45 Ind. 360; *Titman* v. *Ricker,* 43 N. J. Eq. 122; *Mulford* v. *Beveridge,* 78 Ill. 455; *McVey* v. *McVey,* 51 Mo. 406; *Watts* v. *Cook,* 24 Kan. 278; *Flemming* v. *Roberts,* 84 N. C. 432; *Wells* v. *Rice,* 34 Ark. 346; and Arkansas cases *passim.*     It appears that no report of the sale was made by the guardian; that about four years after the sale Stephen James, the purchaser, presented to the court the two deeds made to him by the guardian, and asked their approval; and that the deeds were approved by order of the probate court.     Neither the guardian of appellant nor appellant herself was present, or was represented in the court at the time, as the record shows.     Wherefore there was no confirmation of the sale, and therefore no sale.     The statute of limitations of five years could not apply, because there was no sale. Mississippi Morris, appellant's mother, had a life estate in these lands, and she died in November, 1885.     This suit was brought to the July term of the court for 1889, about three years and eight months after the death of appellant's mother, when the right of appellant accrued, the life estate being then determined.     It follows, therefore, that the seven years' statute of limitations had not barred the appellant's right of action when her suit was commenced. The judgment of the lower court is reversed, and the cause is remanded for a new trial.     The appellee should be allowed for any amount he paid to redeem the land from taxes.