---

COWLING *v.* NELSON.

Opinion delivered June 24, 1905.

1. VENUE—PARTITION SUIT.—Where the estate of a deceased person has been wound up, an action for partition of the land among the heirs should be brought in the county where the land, or some part of it, is situated, as provided by Kirby's Digest, § 6060, and not in the county where deceased's personal representatives qualified, as provided by Kirby's Digest, § 6064.   (Page 148.)

2. PARTITION—AMBIGUITY IN DESCRIPTION.—Parties to a partition suit cannot in a subsequent suit take advantage of any obscurity in the judgment in describing the land if they have sold the interests partitioned to them, and the purchaser has gone into possession, and is not made a party to the subsequent suit.   (Page 148.)

3. JUDICIAL SALE—CONFIRMATION.—Where a commissioner, ordered by the court to sell a tract of land, produced a deed to the purchaser which was "approved and confirmed" by order of the court, the confirmation, though irregular, is sufficient.   (Page 149.)

4. LIMITATION—VOID JUDICIAL SALES.—While proceedings based on void judgments cannot be validated, it is competent for the Legislature to prescribe therefor a shorter period of limitation than the general statute.   (Page 150.)

5. SAME—PERIOD.—Where a judicial sale is confirmed, and the court had jurisdiction over the parties, the five years' statute of limitations runs in favor of the purchaser at such sale against the parties to the suit, although the sale is void.   (Page 150.)

6. SAME—MINORS AND INSANE PERSONS.—Minors and insane persons are entitled to recover land sold at a void judicial sale, notwithstanding

the lapse of time. subject only to the purchaser's right to betterments under Kirby's Digest, § 2754. (Page 150.)

7. PARTITION—WHEN SALE AUTHORIZED.—Kirby's Digest, § 5785, providing that where the commissioners in a partition suit report that partition of the land cannot be made without great prejudice to the owners, the court may, if satisfied that such report is correct, order the land sold and distribute the proceeds, does not authorize a sale of land involved in a partition suit merely to pay the costs. (Page 150.)

8. JUDICIAL SALE—PARTITION—VALIDITY.—A judgment in a partition suit, not based upon the pleadings or the consent of the parties, which directs a part of the land to be sold to defray the costs of the suit and attorney's fees, is beyond the court's jurisdiction, and a sale under it is void on collateral attack. (Page 152.)

9. VOID JUDICIAL SALE—RIGHT TO BETTERMENTS.—A purchaser at a void judicial sale is entitled to recover only the improvements made by him after his deed was confirmed. (Page 152.)

Cross appeals from Hempstead Chancery Court.

JAMES D. SHAVER, Chancellor.

Reversed in part.

*Feazel & Bishop*, for appellants.

*D. B. Sain* and *W. C. Rodgers*, for appellee.

HILL, C. J. In 1895 Bettie Jones owned an undivided half interest, and her nephew and niece, Willie and Ola Jones, owned the other half, of a tract of land containing about 330 acres, lying partly in Hempstead County and partly in Howard County. They inherited the land. Bettie Jones was then and is now an insane person, and confined in the State Asylum. Ola Jones was born August 3, 1875, and Willie Jones was born July 15, 1882. On the 19th day of August, 1895, the then guardian of Bettie Jones filed a partition suit in the Hempstead Circuit Court against Ola Jones and Willie Jones, alleging the latter to be a minor, and set forth the respective interests of the parties, and prayed a partition of the land, and, in the event it was not found susceptible of partition, a sale thereof, and a division of the proceeds. Constructive service was had against the defendants therein, and decree rendered, finding the respective interests of

the parties, and ordering partition, and appointing commissioners to make partition. The commissioners made partition, and reported their proceedings, partitioning all the land except a 48-acre tract which was afterwards sold to appellee J. L. Reed. The report was confirmed. Before discussing the principal contention, which is over the 48-acre tract, the other questions presented attacking the whole proceeding will be disposed of.

It is contended that under § 6064, Kirby's Digest, providing that an action for the distribution of the estate of a deceased person, or its partition among his heirs, etc., must be brought in the county where his personal representative qualified, as there was an administration of the estate of the ancestor in Howard County, the suit should have been brought there, and the Hempstead Court was without jurisdiction. The section just preceding this (6063) provides that an action to settle the estate of a deceased person must be brought in the county in which the personal representative qualified. These sections were taken from the Civil Code, which was adopted when the Constitution of 1868 was in force, and under it the probate jurisdiction was exercised in the circuit courts, and there were no separate probate courts. These sections, therefore, were intended to bring into the forum where the administration was pending actions settling, distributing, and partitioning estates. Under the changed jurisdiction, the excellent reasons for the enactment of these statutes ceases, and, if given force, must not be extended. The evidence shows that the administration on the estate of the ancestor was wound up and the administrator discharged before the partition suit was brought, and the reason, even under the former law, for applying this statute would not be applicable, and *a fortiori* it is not applicable under the present system. Section 6060, Kirby's Digest, provides that actions to partition lands shall be brought where the land, or some part of it, is situated. The Hempstead Circuit Court had jurisdiction of the partition suit.

The next objection is to the insufficiency of the description of the land partitioned. The tracts (other than the 48-acre tract) are described obscurely, to say the least of it; but the parties have sold their interests in them, and the purchaser is in possession, and is not made a party to this suit. Whatever difficulties

there may have been in locating the tracts from the description
is removed by putting the purchaser into possession. The
question is not open here.

That leaves only for consideration the 48-acre tract. The
commissioners, in their report partitioning the land, after report-
ing that the parties had no other property, suggested that a certain
tract 'described therein, and containing 48 acres, be set aside and
sold to defray the expenses of the proceedings, which they under-
stood would be about $150. They reported that they had an offer
of $150 for this tract, which they considered a fair price. The
court confirmed their proceedings in setting aside the various
tracts, and approved their suggestion, and ordered this tract sold
to Reed for $150, to pay costs and expenses, including an attor-
ney's fee of $75 for the attorneys for the plaintiff in the suit. The
commissioners then sold the tract to Reed for said sum, and exe-
cuted him a deed therefor in December, 1895; and he went into
possession and placed improvements on the lands, and has held it
since. At the April term, 1896, of the Hempstead Circuit Court,
their deed was presented to the court, and an order was made
in the case reciting that the commissioners produced to the court
their deed to J. L. Reed for the land, and described it, and con-
cluded, "which it in all things approved and confirmed by the
court." While this related to the deed, yet it identified the prior
transaction wherein the sale to Reed at this price was ordered,
and must be treated as a confirmation of the sale. It is irregular
and improper, because formal confirmation should always be
entered of record, yet the court has said that it was not necessary
that confirmation appear by a formal order to that effect, if it can
be gathered from the whole record. *Ousler* v. *Robinson, 72* Ark.
339, 80 S. W. 227. Taking the whole record, the sale must be
treated as confirmed. This precludes Ola Murphy from maintain-
ing this action to set aside the sale on the ground of the want of
jurisdiction to render the judgment ordering this land sold to pay
costs and attorney's fees. The court had jurisdiction of the parties,
and the other parts of the decree were valid, and the exceptions to
the application of the five-year statutes of limitations on the
part of purchasers at judicial sales do not apply. She was of
full age when the decree was rendered, and this action was
brought more than five years thereafter.

While proceedings based on void judgments cannot be validated, yet it is competent to curtail actions to set them aside by shorter statutes of limitations than the general statutes. Freeman on Void Judicial Sales, § § 58, 58*a*.

This court has held that the five-year statute does not apply to judicial sales unless they are confirmed, because there is no sale until that act. *Lumpkins* v. *Johnson*, 61 Ark. 80, 32 S. W. 65; *Morrow* v. *James*, 69 Ark. 539, 64 S. W. 269. When confirmed, and the court has jurisdiction over the parties, the five-year statute runs in favor of the purchaser at such sale against the parties thereto, although the sale is void. It is a statute of repose, and if valid the purchaser needs no limitation to ripen his title, and the manifest purpose of the Legislature was to apply it to void sales within the limitations mentioned.

The lower court allowed Willie Jones to redeem on account of his minority, but refused to allow Bettie Jones, the insane person, to maintain the action. On the theory of a redemption from the sale, that decree may be right, but the case goes farther. Was the sale of the 48 acres void? If so, then the insane party and the minors both ought to be permitted to recover the land, not redeem it, subject only to Reed's right to betterments under section 2754, Kirby's Digest.

At common law there was no right in a tenant in common or other tenant to obtain in partition proceedings a sale of the property. The courts had no jurisdiction to order a sale, but partition could be had as of right, even if partition was ruinous and inconvenient to and undesired by all the other parties. Freeman on Cotenancy & Partition, § § 536, 539. To obviate hard cases the various States have passed statutes permitting sales when partition would be prejudicial to the rights of the parties. Kirby's Digest, § 5785, provides that, when commissioners report that partition cannot be made without great prejudice, the court may, if satisfied that such report is true, order the land sold to the highest bidder at public auction. Such sales are made on terms prescribed by the court, and have to be reported to and confirmed by the court, and deed is then ordered made. Sections 5786, 5792. The proceeds, after deducting costs and expenses, are distributed according to the respective interests.

Section 5793.  These statutes confer the only jurisdiction which
the court has to order the sale of real estate in partition proceed-
ings, as it is not an inherent right of the parties to have it, and·
no jurisdiction existed to order it prior to these statutes, and
hence the jurisdiction must be exercised conformably to the
the statutes.   In this case the tract in question was not sold
because the land was incapable of partition without great
prejudice, but, on the contrary, for the sole purpose, appearing
on the face of the record, of paying the costs of the proceedings
and the fees of the plaintiffs' attorneys, taxed as part of the
costs.  The utmost that can be said of the attorneys' fees are
that they were part of the costs; and as to whether the court has,
in amicable suits, any right to tax them as costs  is a question
that the courts are divided upon, but all agree that in adversary
proceedings they cannot be so taxed.   21 Am. & Eng. Enc.
Law, (2d Ed.), 1177, 1178.   Costs are debts, and do not consti-
tute liens, other than general judgment liens, when they enter
into a judgment.  They are not enforceable by sale of property,
other than other debts are enforceable by execution after proper
proceedings.  The statutes prescribe methods to collect debts from
minors and insane persons, but as to any person they are no
more than other debts, and exemption and homestead and bank-
ruptcy proceedings may avoid their collection.  The officers have
full protection from performing any service until their fees are
paid in advance.   It is clear that in partition suits the land cannot
be sold to pay costs, and the only question of moment is the
effect, on collateral attack, of the judgment ordering it done.   In
*Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81, 84 S. W. 1044,
in referring in an order of probate court selling lands to pay
costs of administration, the court said: "But where its judg-
ment shows affirmatively on the face that the court was pro-
ceeding in a matter over which it had no jurisdiction, or acting
beyond its jurisdictional limits, such judgment is void.  *  *  *
The confirmation cures all irregularities in the sale or the order
therefor, but not jurisdictional defects.  The order of sale here
shows affirmatively that it was made to pay expenses of adminis-
tration, and not debts of the decedent, and is therefore void."
The analogy between the cases is strong.  In *Falls* v. *Wright,* 55
Ark. 562, 18 S. W. 1044, 29 Am. St. Rep. 74, dower was assigned

in lands of an estate not presented to the court in the petition for assignment of dower, and the action of the commissioners was confirmed.  This court held, so far as the land outside the petition was concerned, that it was aside from the issue, confirmation did not cure it, and the sale was void.  The court approved this definition of jurisdiction: "First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; third, the point decided must be, in substance and effect, within the issue."  The sale for costs is not an issuable fact in partition suits, and, when the court entertains it, it is going beyond its jurisdictional limits. In a case in Indiana the court ascertained an amount as attorney's fees, and decreed it a lien on the lands, and sale was had thereunder.  It was held the sale was void, as courts have no power to adjudicate matters not in issue, and which could not be brought in issue.  *Hutts* v. *Martin,* 134 Ind. 587, 33 N. E. 676.

It is insisted that the guardian of Bettie Jones had authority to bring the suit, and his action within the limits of his express authority would bind her.  This is true, and his action bound her in everything which the partition suit could validly accomplish—a partition of the lands, and, where it is found incapable of partition without great prejudice, then a sale.  These are the only issuable matters to be presented.  On them she is bound. Beyond them she is not.  The Indiana court in the case *supra* said: "Litigants do not place themselves for all purposes under the control of the court, and it is only the interests involved in the particular suit that can be affected by the adjudication. Over other matters the court has no jurisdiction, and any decree or judgment relating to them is void."

The court, in finding the amount for Willie Jones to pay for improvements, seemed to have allowed for improvements made in 1895.   Reed's deed, while dated December 9, 1895, was not approved and the sale was not confirmed till April 6, 1896. As the commissioners procured its approval and presented it to the court, it is evident that it was not intended to deliver the deed till it was approved by the court, and he had no color of title until the deed was delivered to him.   He had color of title after the deed was approved and delivered to him, and he is

entitled to improvements as prescribed by the betterment act.

The decree as to Ola Murphy (nee Jones) is affirmed, because she is barred. As to Willie Jones it is reversed as to the amount he is chargeable with, and as to Bettie Jones is reversed. The cause is remanded, with directions to enter judgment in favor of Bettie and Willie Jones for their respective interests, subject to proper allowance for betterments.