## FOURCHE RIVER LUMBER COMPANY *v.* WALKER.

### Opinion delivered October 24, 1910.

1. MORTGAGES—EFFECT OF FORECLOSURE UPON WIDOW'S DOWER.—The widow of a deceased mortgagor is not barred of dower in the mortgaged lands by a decree of foreclosure and sale thereunder, though she was a party to the suit, unless her right to dower was directly put in issue. (Page 544.)

2.   JUDGMENT—CONCLUSIVENESS.—The rule that a valid decree in a suit cuts off all defenses which might have been pleaded therein refers only to such matters as properly belonged to the subject of the controversy and are within the scope of the issues.   (Page 545.)

3.   LIMITATION OF ACTIONS—DOWER.—The statute of limitations does not run in favor of the heirs of a deceased husband against a suit of his widow for dower, nor bar her suit against the purchaser at a mortgage sale after his death until the expiration of seven years from the date of such purchase.   (Page 545.)

4.   LACHES—RECOVERY OF DOWER.—In a suit in equity by a widow for dower brought within the statutory period, in which she asks no relief peculiar to a court of equity but asks for the enforcement of a plain legal right, the doctrine of laches has no application.   (Page 545.)

5.   CONFIRMATION DECREE—CONCLUSIVENESS.—A decree confirming a title purchased at mortgage foreclosure sale will not preclude the widow of the mortgagor from suing for dower in the mortgaged land if her right to dower was not put in issue in the foreclosure suit, and she was not made a party to the confirmation proceeding.   (Page 545.)

Appeal from Perry Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*Sellers & Sellers,* for appellant.

1.   There is no proof that appellee was the wife of Powell at the time of the execution of the mortgage, and, since three years elapsed between the execution of the mortgage and his death, the fact that she was his wife at the latter date does not warrant the presumption that she was his wife at the former date. The presumption is that the chancellor, in the foreclosure proceedings, found that appellee became the wife of Powell after the execution of the mortgage; otherwise there is no warrant for the decree.   71 Ark. 91.   And, if so, she had only an equity of redemption in the lands, and her remedy, if the decree was erroneous, was by appeal.   80 Ark. 579; 73 Ark. 37; 90 Ark. 166.   Decree in that suit, if valid, cut off all defenses which might have been pleaded therein.   77 Ark. 382.

2.   The Greenville Stave Company fully complied with the requirements of the confirmation statutes, Kirby's Digest, § § 661-675, and § § 649-660, and, if the appellee owned any interest in the land, it was divested by the decree rendered in that proceeding.   Appellee was barred to set up claim to the land in consequence of any informally or illegality in the proceedings, after one year from the rendition of the decree.   Kirby's Digest,

§ 673. The statute began to run against her on the termination of her second marriage, and remarriage would not have stopped it. 10 Ark. 581; 16 Ark. 612.

3. The five-year statute of limitations, Kirby's Digest, § 5060, bars appellee's right of action. This statute begins to run upon confirmation of the sale. 77 Ark. 242. No exceptions being made in favor of married women, the courts can make none. 46 Ark. 25; 76 Ark. 146.

4. Appellee is barred by laches; her claim is stale. 90 Ark. 430; 87 Ark. 232; 86 Ark. 591.

*P. H. Prince,* for appellee.

1. The chancellor's finding that appellee was Powell's wife at the time the mortgage was executed is sustained by the pleadings and the evidence.

2. "The widow of a deceased mortgagor is not barred of her dower in the mortgaged lands by decree of foreclosure, though she was a party to the suit, unless her right to dower was put in issue." 40 Ark. 283.

3. The statute, Kirby's Digest, § § 661-675, is intended to cure defects in sales, and not to vest title. 83 Ark. 154; 69 Ark. 517. And § § 649-660 provide for confirmation of land that is wild, or unimproved, or in actual possession of the petitioner. Any person having or claiming any interest in such land must be summoned as a defendant in the case. Kirby's Digest, § 650. A married woman may institute an action to set aside the decree any time within three years after its rendition. *Id.* § 657.

4. The five-year statute of limitation does not apply in this case. The widow's right to dower was not put in issue 40 Ark. 283. This statute, Kirby's Digest, § 5060, does not run against persons who were not parties nor bound by a suit in which the sale was made. 83 Ark. 51; 58 Ark. 186; 81 Ark. 462-3; 33 Ark. 294.

5. Appellee's claim is not stale. It requires seven years adverse peaceable possession to bar the widow's right to dower. 29 Ark. 651; 40 Ark. 25; 89 Ark. 19; *Id.* 349.

HART, J. This was an action brought by Mrs. Rosa Walker in the Perry Chancery Court against the Fourche River Lumber Company, a domestic corporation, to recover dower in certain

lands, which she alleges are in the possession of the defendant company. We take the following statement of facts from the abstract of appellant:

One G. W. Powell, on the 23d day of September, 1896, being the owner of the land in controversy, mortgaged it to one W. H. Blackwell. Powell died August 9, 1899, leaving appellee his widow, and certain minor children his heirs at law. W. H. Blackwell also died, and on May 25, 1901, R. L. Nichols, legatee of Blackwell, brought suit to foreclose said mortgage against appellee and the minor heirs of Powell. The prayer of the complaint is for the foreclosure of the mortgage, the sale of the land, "and that all equity or redemption be forever barred and foreclosed," etc. Appellee was duly summoned. Decree was rendered August 30, 1901, showing that appellee made default. The decree containing the following recital: "That if said debt and interest be not paid by the 15th day of September, 1901, that all the right, title and equity of redemption of the said Rosa Powell, and the said Noel Powell, Sewell Powell and Evan Powell is forever barred and foreclosed," etc. Sale was made on the 1st day of October, 1901, as ordered by the decree, the land being bought by the Greenville Stave Company; sale was duly reported and confirmed by the court February 5, 1902. Deed was executed and acknowledged and approved in open court on the same day. After Powell's death, appellee, thinking she had lost the land, abandoned it, and never took possession or paid the taxes on it afterwards. The said Greenville Stave Company after its said purchase filed its petition for confirmation on November 2, 1904, and its title to said lands was duly confirmed, the decree containing the following recital: * * * "The court doth examine said petition, and finds that it was filed on the 2d day of November, 1904, and it doth examine the proof of publication, and doth find that due notice was given both by the petitioner under the terms of the act of the State of Arkansas, embraced in section 661 to 675 of Kirby's Digest of the statutes of the State of Arkansas, and by the clerk of this court under the statutes of the State of Arkansas as embraced in section 649 to section 660 of said digest. The court doth further find that there was filed with the complaint in said cause copies of the tax receipts for the years 1901, 1902 and 1903, and that is also the affidavit of one John Murphy that

no one is in the actual possession of the said lands claiming title to them adverse to the petitioner, and, the court finding that both of said laws have in all respects been complied with and the petitioner is entitled to a confirmation of its title to said lands, it is considered, ordered and decreed that the title of petitioner to said lands be confirmed," etc. And specifically confirmed and quieted the title as to the foreclosure proceedings.

On October 13, 1904, the Greenville Stave Company deeded the land to appellant, and on November 29, 1907, appellee instituted the present suit against appellant for dower in the land. Other facts will be stated in the discussion of the issues presented for our determination.

A decree was entered in favor of the plaintiff, and to reverse that decree an appeal has been duly prosecuted to this court.

It is insisted by counsel for the defendant that the record does not show that Mrs. Rosa Walker was married to George Powell at the time he executed the mortgage to the lands in question to W. H. Blackwell. It is true that she does not directly state the date of her marriage to Powell; but her complaint alleges that "she was the lawful wife of G. W. Powell, and that he lived in Perry County, Arkansas, and died August 9, 1899, leaving the plaintiff, his widow, and three minor children, N. G. Powell, five years, S. B. Powell, two years old, and G. E. Powell, born September 7, 1899, after their father's death, and this allegation is admitted by the defendant in its answer. It was agreed between the parties to this suit that the papers and proceedings in the suit to foreclose the mortgage might be read in evidence in this case. The complaint in that case alleged that the minor children above named were the heirs-at-law of G. W. Powell, deceased, and were in the custody of their mother, Rosa Powell, who is now Rosa Walker, the plaintiff.

The mortgage was executed by G. W. Powell on September 23, 1896, and he died August 9, 1899. It is alleged by plaintiff that their oldest child was five years old at his death. The chancellor found that plaintiff was the wife of G. W. Powell at the time the mortgage was executed by him, and it can not be said that his finding is not supported by the evidence. In the case of *McWhirter* v. *Roberts*, 40 Ark. 283, the court held:

"The widow of a deceased mortgagor is not barred of dower in the mortgaged lands by a decree of foreclosure, though she

was a party to the suit, unless her right to dower was put in issue."

The record shows that plaintiff's right to dower was not in issue in the suit to foreclose the mortgage, and this is conceded by counsel for defendant, but they contend that the rule announced in the case of *McWhirter* v. *Roberts*, above quoted, has been overruled by the decision in the case of *Livingston* v. *New England Mortgage Security Company,* 77 Ark. 379, where it is held that a valid decree in a suit cuts off all defenses which might have been pleaded therein. It is true that a judgment is conclusive, not only upon the question actually determined, but upon all matters which might have been decided in that suit; but this refers to all matters properly belonging to the subject of the cotroversy, and within the scope of the issues. In other words, the defendant must set forth in his answer all grounds of defense that he may have, or he will be held to have waived such defenses as he failed to set out.

The plaintiff's right to dower was not in issue in the suit to foreclose the mortgage, and was not barred by the decree of foreclosure.

2. Her suit for dower is not barred by the statute of limitations. In the case of *McWhirter* v. *Roberts, supra,* it was held that "the statute of limitations does not run in favor of the heirs of a deceased husband against a suit of his widow for dower, and does not bar her suit against the purchaser at a mortgage sale after his death until the expiration of seven years from the date of his purchase." The record shows that the present suit was brought within seven years from the date of the purchase of the lands at the foreclosure sale.

3. The defense of laches is not available to the defendant. The plaintiff is not seeking to set aside the foreclosure decree, and the cases of *Jackson* v. *Becktold Printing & Book Mfg. Co.,* 86 Ark. 591, and other cases cited by counsel have no application. Here the plaintiff has brought an independent suit for dower within the statutory period, she is not invoking the aid of the court or set aside or annul any former decrees affecting the land, and the doctrine of laches has no application.

4. The plaintiff is not precluded from maintaining her suit by the confirmation proceedings. She was not made a party to that proceeding, and is not affected by it. The effect of the

confirmation proceeding was not to invest the petitioner therein with title, but only perfected such title as had been already obtained under the foreclosure proceedings.    *Updegraff* v. *Marked Tree Lumber Co.,* 83 Ark. 154.

As we have already seen, the plaintiff's right to dower was not in issue in the foreclosure suit, and it is not affected by the confirmation proceeding because she was not made a party to it.

The decree will be affirmed.

ON REHEARING.

Opinion delivered December 5, 1910.

HART, J.    I.    Counsel for appellant insist that the court erred in holding that the seven-year statute of limitations applies to this case.    They urge with much force and plausibility that the .five-year statute governs.    It is as follows:    "All actions against the purchaser, his heirs or assigns, for the recovery of lands sold at judicial sales shall be brought within five years after the date of such sale, and not thereafter; saving to minors and persons of unsound mind the period of three years after such disability shall have been removed."    Sec. 5060, Kirby's Digest.

In support of their contention, they cite the cases of *Cowling* v. *Nelson,* 76 Ark. 146, and *McGaughey* v. *Brown,* 46 Ark. 25, in which the statute protecting purchasers at judicial sales was held applicable.    In those cases the suit was to set aside the sale and to recover the lands sold at the judicial sale.    The suit in this instance was not against the purchaser for the recovery of the land sold at the judicial sale.    The suit was not brought to recover the land, but to enforce appellee's right to dower. The suit had no connection whatever with the decree under which appellants purchased.    The dower of appellee was not put in issue in the foreclosure suit, and, following the case of *McWhirter* v. *Roberts,* 40 Ark. 283, we held that she was not barred of dower by the foreclosure suit.    If this be correct, her suit for dower is a suit to establish and secure an independent right given her by statute, and is in nowise connected with or dependent upon the validity or invalidity of the purchase at the foreclosure sale.    Her right to dower not having been put in

issue in that suit, it stands as if she had not been a party to it, as far as her right to dower is concerned. See *Phelps* v. *Jackson,* 31 Ark. 272.

It was the duty of the heirs of the mortgagor in this case to assign dower, and, the title of the purchaser under the mortgage foreclosure sale being derived from them, such purchaser became bound by the same statute of limitations as the heirs. It follows that the decision in *McWhirter* v. *Roberts, supra,* that the seven-year statute applies in such cases was right.

2. Counsel for appellants also insist that we were wrong in holding that appellee was not barred of her right of dower by laches. We do not agree with them. It is well settled that the doctrine of laches does not apply to a case where the plaintiff is not asking any equitable relief, but is seeking only to enforce a plain legal right. *McFarlane* v. *Grober,* 70 Ark. 371; *Rowland* v. *McGuire,* 67 Ark. 320; *Waits* v. *Moore,* 89 Ark. 19; *Chatfield* v. *Iowa & Arkansas Land Co.,* 88 Ark. 395.

Appellee's right to dower is given by statute, and is not barred until the period under which she had a right to bring her suit therefor has elapsed.

Other matters are pressed upon us for a rehearing, but we think we have sufficiently discussed them in our original opinion, and adhere to what was there said.

The motion for a rehearing must be denied.