## MOSS VS. ADAMS ET. AL.

1. MARSHALLING OF SECURITIES:
   Where a bill filed for the mashalling of securities, and an account of the value of property of the plaintiff, which was converted by the defendant under the claim of a mortgage by third parties, alleges that the defendant had no lien on the property converted, the plaintiff's remedy at law is complete, and there is no cause for equitable interposition.

2. PLEADING: *Mistake as to kind of action.*
   A mistake as to the kind of action is no ground for sustaining a demurrer to the complaint, and dismissing it. The pleadings should be amended and the cause transferred to the proper docket, and if the correction is not made by either party, the objection will be deemed waived.

APPEAL from *Hempstead* Circuit Court in Chancery.
Hon. J. K. YOUNG, Circuit Judge.
*Eakin and Williams & Battle,* for appellant.
*Gallagher & Newton, contra.*

HARRISON, J.:

This was a suit in equity by William Moss against Rufus J. Adams and R. S. Pope, and Alfred O. Stewart, James A. Williamson and Robert A. Carrington, who compose the firm of A. O. Stewart & Co.

The complaint alleged, that the plaintiff bought, on the 27th day of January, 1871, from Selina McFaddin and her son Hampton McFaddin, three bales of cotton, which were at the time

delivered to him, and for which he paid them; and that he marked the same as his property.

That the cotton was delivered on the plantation of the defendant Hope, where it was raised by the said Selina McFaddin and and Hampton McFaddin, in the year 1870; but before he could remove it, the defendant Adams, Hope's manager on the plantation, wrongfully took and hauled it away.

That he immediately brought suit against Adams, for the cotton, before a justice of the peace and replevied it before him, but the possession was upon his giving bond restored to him; that said Hope made himself a defendant with Adams in the suit, and said A. O. Stewart & Co. interpleaded therein; after which the plaintiff dismissed his suit. That Adams and Hope claimed a lien on the cotton for supplies furnished said Hampton McFaddin, and Toney McFaddin, another son of Selina McFaddin, who had worked in the crop, and by whose labor in part the cotton was raised, the amount for which the lien was claimed, was, however, not stated; and A. O. Stewart & Co. pretended to have a mortgage on it from said Tony McFaddin, for a debt of $71.75, and also a lien of some kind from Hampton McFaddin, for a debt of $75.18.

That the value of the cotton was $180.

That Adams, after it was restored to him in the replevin suit, turned it over to A. O. Stewart & Co., who converted it to their own use.

That Tony McFaddin was a minor, whose services belonged to his mother, and his work and labor in making the crop, was for her; and he had no interest in the cotton raised by her and Hampton McFaddin, and that neither Adams and Hope, nor A. O. Stewart & Co. had a lien of any kind on the cotton the plaintiff purchased, and their pretence of liens was made with the object that A. O. Stewart & Co. might get the cotton upon Hampton and Tony McFaddin's debts.

And that said A. O. Stewart & Co., had previously to the purchase of the cotton by the plaintiff, under a claim of mortgage or other lien, but for whose debt was not stated, forcibly and against their will, taken from said Selina and Tony McFaddin three other bales of cotton, of the like value of $180, and converted them to their own use.

The prayer of the complaint was, that an account be taken of the value or proceeds of the whole of said cotton, as well of the three bales taken by A. O. Stewart & Co. from said Selina and Hampton McFaddin as of those purchased from them by the plaintiff, and if it should be found that there was any lien upon the latter cotton, that the proceeds of the former should be applied in disharge thereof, and that the defendants be decreed to pay the plaintiff the proceeds, or the value of the cotton in controversy.

The defendants demurred to the complaint upon the ground, that it showed an adequate remedy at law, and was therefore without equity.

The court sustained the demmurrer and dismsssed the complaint, and the plaintiff appealed.

Had it been averred in the complaint, that A. O. Stewart & Co. did in fact have any mortgages or liens on the cotton in controversy, and on the other three bales also, as they claimed, and that the last mentioned cotton was sufficient for the satisfaction of their debts, the complaint would have shown a right in plaintiff to require them to resort, first to the cotton the plaintiff had no claim on ; but the complaint contained no such averment, and it was alleged that they had no mortgage or lien.

Yet, although the plaintiff's remedy was complete at law, and no cause for the interposition of equity was shown, the demurrer should not have been sustained and the complaint dismissed, for an error of the plaintiff as to the kind of action, and that he has

brought it in equity, when it should have been at law, or at law when it should have been in equity, is no ground for its dismissal, but it may upon an amendment of the pleadings be transferred to the proper docket, and such correction may be made by the defendant at or before the filing of his answer, and if not made by either party it is waived. Gantt's Digest, secs. 4461-4464; *Talbot et al.* v. *Wilkins et al.,* 31 Ark., 411; New. Plead. and Prac., 236.

The decree of the court below is reversed and the cause remanded.