## CURRIE V. FRANKLIN.

GUARDIAN'S SALE:    *Presumption as to order for.*

An order of the probate court for the sale of a minor's lands will be presumed to have been regularly made, where nothing to the contrary appears in the record, and its validity cannot be questioned in a collateral proceeding.    *Redmond v. Anderson*, 18 Ark., 449.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

In 1872 the title to the lands in controversy in this suit was in the plaintiffs, subject to a life estate in their mother, Mrs. Martha A. Mathis.    On the 5th day of March of that year, the mother conveyed her life estate to the defendant.

She was subsequently duly appointed guardian of plaintiffs, and as such applied to the probate court by petition for an order to sell their interest in the lands, stating in her application that such sale was necessary to raise funds for their support and education. The probate court granted the petition, and pursuant to its order the interest of the plaintiffs in the lands was offered for sale on the 16th of September, 1872, and the defendant became the purchaser thereof. The sale was reported to and confirmed by the court, and the guardian thereupon conveyed the interest of the plaintiffs in the lands to the defendant, who had gone into possession under the conveyance of the life estate. The statutes in force at the date of the order under which the guardian's sale was made (Gould's Dig., chap. 4, secs. 180, 182), provided that an application to sell the real estate of a minor, should, when made under section 181, be verified by the affidavit of some disinterested person, and if made under section 182, that it should be supported by the testimony of two credible witnesses. The petition for the sale of the lands in controversy is not embraced in the record of this cause, and it does not appear from the order made upon it, whether the application was verified or supported in the manner required by the statute. It does, however, appear from the recitals of the order, that it was made upon the written application of the guardian and that the court found that a sale was necessary for the purpose stated in the petition. Mrs. Mathis died in 1884 and in 1886 the plaintiffs brought this action to recover possession of the lands. The defendant by his answer claimed title under the guardian's conveyance, and set out and exhibited therewith the order of sale, the report and the order of confirmation. The plaintiffs demurred to the answer and their demurrer having been overruled, they rested thereon and appealed.

*Harrison & Harrison*, for appellants.

It does not appear by the record of the probate court exhibited with defendant's answer, nor is it averred in the answer, that the affidavits required by the statute were made or filed. These were jurisdictional facts, and there can be no presumption of the existence of such. They must appear. Const. 1868, art. vii, sec. 5; chap. 4 Gould's Dig., p. 134; act Dec. 23d, 1846, secs. 180, 181, 182; 33 Ark., 428; 32 Ib., 97; 19 Ib., 499; 26 Ib., 421; 31 Id., 74; Hawes on Jur. 11 sec., 8; 60 Ill., 333; 62 Mo., 588; 11 Wend., 651; 25 N. H., 302; 35 Ib., 166; 12 Ohio St., 643; Freeman Void Jud. Sales, sec. 8; Freeman Judg., sec. 125; Hawes on Jur., 499, sec. 259; 496, sec. 257; 1 Ohio St., 372; 8 Ib., 613; 34 Cal., 391; 47 Ill., 25; 39 Conn., 199; 18 Wall., 364; 28 Grat., 879; 11 Mo. App., 34.

The court having no jurisdiction, the confirmation of the sale was inoperative and nugatory. Freeman Void Judicial Sales, sec. 44; 2 Wall., 609; 94 U. S., 74; 2 How. (U. S.), 57.

*J. M. & J. G. Taylor*, for appellee.

The probate court had jurisdiction. 45 Ark., 48. Presumably the law was complied with, and this presumption is conclusive. 47 Ark., 413. A remainder after a life estate is the subject of sale. Rorer Jud. Sales, 259, 261. The guardian, under the orders of the probate court, had the authority to sell. 4 Mass., 190; Schouler Dom. Rel., 367, 368.

The probate court had jurisdiction of the subject matter, and there being no fraud or irregularity the sale must stand. Schouler Dom. Rel., 336; L. R. 6 Chy., p. 850; L. R. 14 Eq., 251.

COCKRILL, C. J.

The judgment in this case is ruled by the decision in *Redmond as guardian v. Anderson*, 18 Ark., 449, which follows the leading case of *Borden v. State*, 11 Ark., 519. The principle governing the first case is affirmed in *George v. Norris*, 23 Ib., 129; *Fleming v. Johnson*, 26 Ib., 421; *Gwynn v. McGauley*, 32 Ib., 97; *Myrick v. Jacks*, 33 Ib., 428; *Adams v. Thomas*, 44 Ib., 267; and *Boyd v. Roan*, 49 Ib., 397.

Affirm.