## MAYS v. ROGERS.

ADMINISTRATION : *Sale of lands: Expenses of administration.*

It is error to grant an application for the sale of a decedent's lands for the sole purpose of paying the expenses of administering on his estate, unless it appears that such expenses were incurred in the course of administering the estate to pay debts due personally by the decedent. [*Mansf. Dig., secs. 170, 171.*]

APPEAL from *White* Circuit Court.

M. T. SANDERS, Judge.

Thomas J. Rogers was the administrator *de bonis non* of the estate of Thomas G. Mays, deceased, and while acting as such presented to the Probate Court a claim against the estate amounting to $220.99 for taxes which he had paid on property of the estate " and for costs and expenses of administration." The claim was allowed, and he subsequently applied to the court for an order to sell certain lands of the estate for its payment. The order of sale was refused and Rogers appealed to the Circuit Court, where his application was granted. This appeal from the judgment of the Circuit Court directing the sale, is prosecuted by the heir-at-law of Mays, who was made a party to the proceedings below.

Sections 170 and 171 of Mansfield's Digest are as follows :

Section 170. Lands and tenements shall be assets in the hands of every executor or administrator for the payment of the debts of the testator or intestate.

Section 171. If any testator be the owner of lands and tenements at the time of his death, of which no provision is made by will, or if any person, being the owner of lands and tenements, die intestate, and such testator or intestate shall not have sufficient personal estate to pay his debts, it shall be the duty of the executor or administrator to apply to the Court of Probate by petition, describing said lands and containing a true and just account of all the debts of the testator or intestate which shall have come to his knowledge, and the amount of the assets in his hands to pay such claims.

*The appellant, pro se.*

There can be no sale of the real estate of a decedent, except for the payment of debts. *13 Ill., 127; 46 id., 404; 46 Ark., 373; 2 Barb. Chy., 387.* Nor can they be sold exeept to pay debts owing by the decedent at the time of his death; nor for expenses or taxes paid. *Rorer on Jud. Sales, sec. 268, p. 114; 53 Penn., 505, 511, 512; 4 McLean, 486–9; 10 Paige Chy., 366; 24 Mo., 16.* A sale to pay costs or expenses is illegal and void. *8 Mass., 199; 2 Barb. Chy., 387; ib., 161; Rorer Jud. Sales, sec. 268, 114; North Prob. Pr., sec. 487, p. 230; ib., 269, p. 115; 4 Mass., 358–9.*

*W. R. Coody,* for appellee.

The contention of appellant may be correct at *common law,* (*2 Barb. Chy., 387, and cases cited*), but our statute has changed this rule, making lands assets for the *payment of debts. Mansf. Dig. sec. 68.* Not as in Missouri, "debts of such deceased person." *Wagner's Mo. St., p. 94, sec. 10.* See *40 Ark., 443–4; 25 Ark., 324.*

Taxes are a lien, and it is the duty of the administrator to pay them. *Mansf. Dig., sec. 5808; 30 Ark., 600.* This is a *preferred debt.* See, also, *28 Ark., 19.*

PER CURIAM. Where there are no debts due by a decedent,

<span style="float:left">ADMINIS-<br>TRATION:<br>Sale of<br>lands.</span> there can be no sale of lands of his estate to pay the expenses of an administration had thereon. If the admininistration is continued after the debts are paid, as in the case of *Smiley v. Stewart, 46 Ark., 373,* it would be error to order a sale of lands to pay the costs of the subsequent administration. To what extent the right to resort to the lands for the sole purpose of paying the expenses of administering the estate is limited, has not been fully argued by counsel, and is not now determined. In every case, however, where an application is made to sell lands solely for the expense of administering the estate, it must be made to appear that the expenses were incurred in the course of administering the estate to pay debts due personally by the decedent. *Mansf. Dig., secs. 170 and 171.* See cases cited at *sec. 468, 2 Woerner Am. Law of Admrs.; 3 Wms. Ex.,* 2041, N. A.

The cause was heard by the Circuit Court upon the administrator's petition to sell, an exhibit thereto, and the remonstrance of the heir, without proof; and the essential fact referred to does not appear therefrom. The other questions argued by the appellant are not presented by the facts as set forth in the record.

For the error pointed out the judgment is reversed, and the cause remanded for further proceedings.