HARRIS v. TOWNSEND.

1. PARTNERS: *Suits between: Jurisdiction.*

An action at law may be maintained by a partner against his co-partner, for injury done to the partnership property. A court of equity may also take cognizance of such an injury, in a suit for the final settlement of the partnership accounts.

2. PLEADING AND PRACTICE: *Form of proceeding: Mode of trial.*

The substantial difference between law and equity under the code, is that where the case, stated in the complaint, would, under the former practice, have been an action at law, either party is entitled to a trial by jury; but if the cause would, under the old system, have been distinctly equitable, then it is triable according to the method formerly observed in chancery.

3. SAME: *Same.*

The Circuit Court having power to try causes both at law and in equity, it is not under the code error to try a common law case according to equity practice or a case in equity according to the common law practice, where no objection is made to the form of the trial; and where such objection is made, the application of the wrong form of trial is only an error, and does not affect the validity of a judgment pronounced in the cause in which it is committed.

4. SAME: *Res adjudicata.*

In an action brought by a partner against his co-partner for an injury done to the partnership property, the defendant relied upon the plea of *res adjudicata* and the court below sitting as a jury, found that in a former suit brought by the plaintiff against the defendant, for an injunction to prevent unlawful interference with the partnership property, the defendant filed a cross-complaint praying for a dissolution and settlement of the partnership, and the plaintiff in answer thereto, among other defenses, set up by way of counter-claim the same cause of action which is stated in his complaint in this suit: that no motion

having been made to transfer said counter-claim to the common law docket, the court, by a final decree rendered in said cause, settled all the matters properly at issue therein. HELD: That, on such finding, the judgment should have been for the defendant, sustaining his plea.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

The complaint in this action alleges that about the 6th day of March, 1887, the plaintiff, Townsend, and the defendant, Harris, entered into a partnership for the purpose of editing and publishing the "Arkadelphia News," a weekly newspaper— Harris being publisher and Townsend editor. That about the 20th day of July, 1887, that being the day of publication, "the defendant having possession of the only key to the office of publication, wickedly, maliciously and with the intent to stop the publication of said paper without consulting plaintiff, and against his will, locked the door of said printing office, carried therefrom the joint lever of the press, without which it could not be run, and also took the half-printed paper for that week and secreted them so that plaintiff was unable to get possession of the same, or to have them in the office until the order of the Chancery Court commanded him to replace them; that by reason of said unbusinesslike conduct, the newspaper was suspended for about two months, and many of its subscribers and advertising patrons were driven away, to the great damage of the plaintiff, in the sum of $200." The defendant's answer contains:

First—The plea of *res adjudicata.* Second—A denial of the damage alleged, and an allegation that the property was taken by defendant, in order to prevent the continuance of the partnership against his will. The plea of *res adjudicata* was heard by the court sitting as a jury, and its findings of fact and law are as follows:

"That, previous to July 20, 1887, plaintiff and defendant were engaged as partners in running a newspaper in Arkadelphia, called the Arkadelphia News; that on the 25th day of

July, 1887, plaintiff herein brought a chancery suit on the equity side of this court, numbered 859; that defendant herein was defendant in that suit; that plaintiff's complaint asked for a permanent injunction, restraining the defendant from unlawfully interfering with the partnership property, alleging certain reckless and unbusinesslike conduct upon defendant's part; that on the 1st of August, 1887, this defendant in that suit filed an answer and cross-complaint, asking that said partnership be dissolved, and for a settlement of the same. On August 6th, 1887, plaintiff in that suit filed his answer to the cross-complaint, of this defendant and in that answer one of the paragraphs set up a counter-claim for damages sustained by plaintiff herein, alleging the same cause of action set up in the complaint herein, and claiming the same amount of damages asked in the complaint by the plaintiff; that no objection appears to have been raised on the part of defendant to the counter-claim, and that it nowhere appears from the record in that cause that the said counter-claim was ever withdrawn by plaintiff; that defendant did not demur to said counter-claim, nor move to transfer it to the common law docket; that plaintiff did not ask said court to order the issue on this counter-claim, to be tried by the jury; that the court, on the —— day of December, 1887, made a final decree in said cause, settling all the matters put in issue in said cause. The court finds that the acts complained of in the complaint herein were committed by one partner to the partnership property while the partnership existed. The court finds as a matter of law that a court of equity had no jurisdiction, in suits by one partner to obtain damages for the tortious acts of another partner to the partnership property while the partnership lasted, to award damages, and that the answer to the cross-complaint in the chancery suit herein, raised no issue triable in a court of equity, even though defendant did not object to the trial of that issue in that case; that a court of equity cannot award damages for a tort by a partner to partnership property. The court there-

fore finds as matter of law, that the decree of the Clark Chan-
cery Court, in the case of Townsend v. Harris, No. 859, on
chancery docket, rendered on the —— day of December, 1887,
does not bar this suit between the same parties, and conse-
quently the cause of action set forth in plaintiff's complaint
herein is not *res adjudicata.*" Thereupon the case was tried
upon the complaint and the second paragraph of the answer
before a jury and a verdict rendered for plaintiff in the sum
of $25. The defendant appealed.

*Crawford & Crawford,* for appellant.

The court erred in declaring the law on its findings of facts
as to the plea of *res adjudicata.* All questions at issue in this
cause were finally adjudicated in the chancery suit. The
court had jurisdiction to settle the partnership accounts, and
could adjudge damages for compensation, thus settling the
whole controversy. *37 Ark.; 292; 24 id., 203; 35 id., 343;
7 Wall., 107–113; 125 U. St., 698–702; 1 Gray, 301; 71 Ala.,
186; 1 Storey Eq. Jur., sec. 692.*

*Murry & Kinsworthy,* for appellee.

An action by a partner against his co-partner for injury
done to the partnership is cognizable in a court of law. *Col-
lier on Part., p. 210; 4 Am. St. Rep., 174; 6 id., 503, and notes;
9 Atl. Rep., 32; 13 Pac. Rep., 569; Storey on Cont., 232; 24
Ark., 193.*

The issues in this case were not, and could not, properly
have been considered in the chancery suit. It was not *res ad-
judicata.* There is no bar without judgment upon the merits.
*36 Ark., 196.*

PER CURIAM. The authorities cited by the appellee are to
the effect that an action by a partner against his co-partner for
injury done to the partnership property is cognizable in a
court of law. None goes to the extent of holding that the
matter is not cognizable in a court of equity, in an action of
account for final settlement.

Harris v. Townsend.

But even if the issue were not properly cognizable in equity, can it be held that the judgment is void ? Under the code a plaintiff is only required to make a plain statement of his case in his complaint. If the case stated would formerly have been an action at law, either party is entitled to a trial by jury after the manner of the common law; but if the cause as stated would have been distinctly equitable under the old system, then it is triable according to the former chancery method. That is the substantial difference between law and equity under the new procedure. It does not recognize one judge as presiding over separate tribunals, the clash of whose jurisdictions confounds the practitioner and ruins the suitor. One court, endowed with the powers to try all causes, administers the whole law. For its convenience separate dockets are kept for the two classes of cases. If no objection is made to the form of trial—that is, whether it shall be according to the common law or chancery practice—it is adjudged not to be error to try a common law case according to equity practice, or an equitable case according to the practice of the common law. *Organ v. Ry., 51 Ark., 235.* It follows that if objection is made, and the court applies the wrong form of trial to the case in hand, it commits only an error in the exercise of rightful jurisdiction, because the power to determine the cause and the method by which it shall be tried, is devolved upon it. An erroneous judgment pronounced in such a case is not a nullity.

On the finding of the court, its judgment should have been for the appellant upon his plea of *res adjudicata*, and such judgment will be rendered here.

2. PLEADING AND PRACTICE.

3. SAME.

4. Res adjudicata.