### WASHINGTON *v.* GOVAN.

Opinion delivered January 21, 1905.

1. PROBATE JUDGMENT—COLLATERAL ATTACK.—An order of the probate court directing the sale of lands of an estate to pay debts already probated is not open to collateral attack on the ground that some of the probated debts were improperly allowed.

2. SAME.—Errors of the probate court in the allowance of dower in land and personalty, and in allowing waste or mismanagement of the rents of lands of an estate, are not the subjects of collateral attack.

Appeal from Monroe Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*N. W. Norton* and *H. A. & J. R. Parker,* for appellants.

The probate court had no power to make the sale.  52 Ark.
325; Wœrner, Adm'n, 1035; 10 Paige, 366; Rorer, Jud. Sales,
268-273.  All orders of the probate court, not authorized by the
statute, are void.  27 Ark. 306; 33 Ark. 429; 22 Ark. 547; 44
Ark. 423; 57 Ark. 299; 29 Ark. 47; 48 Ark. 544; 15 Ark. 381;
20 Ark. 424; 16 Ark. 474; 47 Ark. 307; 62 Ark. 223.  The
widow had no dower until the purchase money was paid.  Sand.
& H. Dig. § 2524; 25 Ark. 522; 29 Ark. 591; 68 Ark. 440.  The
statutes of limitations do not apply.  54 Ark. 65; 15 Ark. 510;
66 Ark. 90; 69 Ark. 539.  This is an action to cancel a deed,
and not to recover land.  63 Ark. 1; 101 U. S. 91.  Dower should
have been claimed in the Bay Place.  27 Ark. 306; 5 Am. & Eng.
Enc. Law, 902; 31 Ark. 580.  Trustees cannot complain of their
own negligence.  Perry, Trusts, § § 419, 845.

*J. J. & E. C. Hornor* and *Jacob Fink,* for appellees.

The sale was proper under orders of the probate court.  14
Ark. 298; 17 Ark. 586; 110 Ill. 632; 12 Ark. 378; 49 Ark. 286.
After allowance of a demand against an estate and classification
by the probate court, such action of the court is conclusive after
the expiration of the term.  14 Ark. 245; Black, Judg. § 643;
5 N. H. 246; 14 Ark. 134.  Mrs. Jackson could elect whether
she would take her dower in the land or one-third of the money
derived from the sale.  27 Ark. 312; 35 Ark. 205.  She was
entitled to rents before dower was assigned.  40 Ark. 393; 34
Ark. 63; 55 Ark. 222; 22 Ark. 19; 44 Ark. 490.  The probate
court had jurisdiction to sell the lands for the payment of debts.
44 Ark. 267; 9 Lea, 500; 3 Wall. 396; 18 Ark. 452; 21 Ark. 125;
2 Black, Judg. 773.  The probate court had jurisdiction to ascer-
tain the amount of dower in personalty.  Const. art. 7, § 34;
Acts 1873, p. 120.  The decree for partition was binding upon
adults and minors.  Sand. & H. Dig. § 5428; 55 Ark. 22; 86
N. C. 310; 76 N. C. 369; 21 Am. & Eng. Enc. Law (2d Ed.),
1186; 2 Wœrner, Adm'n, 1244; 51 Ala. 377; 70 Ala. 100.  After
the lapse of twenty years, when there is no obstruction to prevent
payment, payment will be presumed to have been made.  23
Wall. 127; 5 John Ch. 545; 2 Wash. R. P. 169; Jones, Mortg.

§ 915; 3 Am. & Eng. Enc. Law (2d Ed.), 340. The purpose of this suit was recovery of land. 54 Ark. 641; 68 Ark. 455, 456. Appellants were guilty of laches. 55 Ark. 85; 46 Ark. 256; 64 Ark. 345; 2 Wall. 95; 51 Ark. 51; 15 Ark. 275; 41 Ark. 270; 43 Fed. 648; 143 U. S. 234; 137 U. S. 556; 48 Ark. 280. Appellees are entitled to invoke the doctrine of subrogation. 48 Ark. 282; 6 Ark. 186; 124 U. S. 134; 50 Ark. 361; 52 Ark. 1, 499.

*N. W. Norton* and *H. A. & J. R. Parker,* for appellants in reply.

The question of subrogation is eliminated. 5 Ark. 608; 53 Ark. 545. The statute of limitations does not begin to run until there is a complete cause of action. 74 S. W. 748; 10 Ark. 228; 25 Ark. 462; 32 Ark. 131. A married woman's right to recover will not be barred until three years after her discoverture. 67 Ark. 320. The wife is often called an heir. 53 Ark. 225. Appellants had a right to cancel their deed. 57 Ark. 589. If the decree or sale under a decree is attacked for fraud, accident or mistake, section 5060, Sandels & Hill's Digest, does not apply. 31 Ark. 272; 53 Ark. 405. The sale of a homestead is a fraud. Sand. & H. Dig. § 3897. The appellants had the right to bring this suit. 70 Ark. 256.

HILL, C. J. Dr. H. G. Jackson died in Monroe County in 1872, owning a large estate. He lived upon a plantation consisting of over 1,500 acres, title to one-third of which appears to have been in one of his daughters—whether by a gift, advancement or purchase by her is not shown. There was a large sum due him in the shape of lien notes arising from the sale of another plantation, and he owed over $10,000 of the purchase money of his home plantation, and considerable other debts. His family consisted of his wife and three daughters, who were children of a former marriage, and one of whom was a minor. He left a will, devising his estate to his wife and daughters, the details of which are immaterial. The widow renounced the will, and took dower rights. The probate court found her dower in personalty to be $9,084.42, and 518.45 acres were set apart to her as dower lands.

The sum of $4,002.42 was paid Mrs. Jackson on her dower in personalty, and the balance, $5,080, finally used in paying for the lands purchased by her, the sale of which is sought to be set aside by this suit.

Dr. Jackson had a life insurance policy for $10,000, payable to two of his daughters. After his death they collected it, and evidence is offered in this case that it went to discharge the incumbrance on the plantation.

There is also evidence tending to show that Mrs. Jackson contributed to that payment. These matters are immaterial to a determination of the case. All of these matters were adjusted, and partition and division of the estate made, and the respective shares equalized by assessment. All the interested parties participated in this, and acquiesced in it, the minor by her guardian. If it were open to her to question it, that time has long since passed. These transactions occurred in 1875, and prior thereto, and she became of age not later than 1884, and this suit was brought in 1898.

It is, therefore, unnecessary to further notice the questions relating to matters thus adjusted, the partition of the land and the assignment of the dower lands. Following these matters, in 1876, the executors petitioned the probate court to order the sale of lands to pay debts. The probate court found the personal property exhausted, and the proceeds applied to the payment of debts under orders of the court, and that there remained unpaid probated debts amounting to $9,473.21. Some land was sold under the order then made, and in 1878 there was a petition to sell more land to pay debts. The court found that the executors exhibited a schedule of the outstanding debts, and that the personal property was nearly exhausted and wholly insufficient to pay the debts, and ordered the sale of the reversionary interest in the dower lands and some other lands. The total debts probated, outside the lien debts, amounted to $14,683.54.

At the sale the widow bought the reversionary interest in her dower land, the other lands selling to other parties.

Instead of giving notes for the payment of the purchase price, as the other purchasers did, she used the unpaid allowance for dower in personalty to pay the purchase price. The court confirmed the sale, ratified this method of payment, and ordered deed, which was duly made. She died in 1895, and this suit

was brought in 1898 by the heirs of Dr. Jackson to recover this land from the beneficiaries under the will of Mrs. Jackson, who became Mrs. Govan long prior to her death.

The principal contention is that the sale was void because it was an order for the sale of lands to pay the dower of the widow, and not to pay debts contracted by the deceased in his lifetime. The facts do not sustain this contention. The order of 1876 showed $9,473.21 probated debts then unpaid. The land sales made after this brought $8,875.81; there was no personal property of value left; and only a few hundred dollars of rents and collections from other sources. Therefore, it is apparent that the probated debts exceeded the sum realized from all the sales of the real estate, and it was for debts, not dower, that the sales were made. The dower only enters into it in this way: after the sale and purchase by Mrs. Jackson, she was permitted to pay with her dower allowance, instead of cash. This could not affect the jurisdiction of the court to sell the lands, and at the utmost was but an error in the distribution of the proceeds of the sale.

It is insisted, however, that the $5,080 due the widow was treated as a part of the $9,473.21 of probated claims. If this be true, still there is an undisputed indebtedness of over $4,000, and that gave the court jurisdiction to order the sale and pass the title, and in this proceeding it is not necessary to go further. So far as collateral attack upon it is concerned, the sale is valid.

Appellant presents some other questions. In several forms the allowance of the widow's dower in personalty and the extent of her dower in lands are attacked. Evidence was introduced as to the rents of the plantation during the administration, thereby seeking to prove mismanagement and waste of the estate, and also inclusion of the rents in the personalty. These matters are all proper subjects for the probate court to deal with, all strictly within its exclusive jurisdiction, and all subject to quiet and speedy correction, when erroneously determined. A collateral attack cannot open these matters; and, even if any were directly attacked, laches would bar their reopening at this late date.

The decree is affirmed.