COLLINS *v.* PAEPCKE-LEICHT LUMBER COMPANY.

Opinion delivered January 28, 1905.

1. LAW AND EQUITY—WAIVER OF RIGHT TO TRANSFER.—Where a bill in equity to quiet title is brought against a defendant in possession, no ground of equitable relief being alleged, the cause on motion should be transferred to the law court; but if defendant made no motion to transfer, and, without objection, submitted to trial of the issues in the chancery court, the right to transfer will be held to be waived. (Page 85.)

2. ADMINISTRATION—WHEN LAND ASSETS.—Under Kirby's Digest, § 186, providing that "lands and tenements shall be assets in the hands of every executor or administrator for the payment of the debts of the testator or intestate," if there are no debts due by the decedent, there can be no sale of his real estate to pay expenses of administration thereon, unless it appears that the expenses were incurred in the course of administering the estate to pay debts due personally by the decedent.  (Page 86.)

3. PROBATE COURT—CONCLUSIVENESS OF JUDGMENT.—While the probate court is a superior court, its judgments are void if they show on their face that the court was acting beyond its jurisdictional limits. (Page 86.)

4. SAME—SALE OF LAND FOR EXPENSES.—An order of the probate court for the sale of lands of an estate which shows on its face that it was made to pay expenses of administration, and not debts of the decedent, without showing that the expenses of administration were incurred in the course of administering the estate to pay debts due personally by the decedent, is void, and no rights were acquired under it, although the sale was afterwards confirmed.   (Page 87.)

5. LIMITATIONS—REMAINDERMAN.—The statute of limitations does not begin to run against a remainderman until the death of the life tenant. (Page 87.)

6. POSSESSION OF WIDOW — WHEN ADVERSE.—Where a testator's widow went into possession of an undivided half of his land by purchase at a void probate sale, and held the same thereunder adversely to the heirs for more than seven years, the right of the latter to recover such undivided half will be barred; but where she held the other half for life merely under the will, her possession of such half was not adverse, and the statute would not run in favor of herself or her assigns during her lifetime.   (Page 87.)

Appeal from Chicot Chancery Court.

MARCUS L. HAWKINS, Judge.

Reversed in part.

STATEMENT BY THE COURT.

H. H. Collins died childless in 1862, the owner of the lands in controversy, leaving his widow, Elizabeth B. Collins, and seven brothers, to whom, by his last will and testament, he devised all his property, one-half to his wife, Elizabeth B., for life, and the remainder to his brothers, or those of them who should be "true to the South in her (then) present struggle." The will further provided that in the event "that as much as two-thirds of my property

be taken by the Federals, or destroyed during the war, then my wife is to take all of what remains of the wreck of my property, one-half of which I give to her as her absolute property, and the remaining half of what is not so lost or destroyed to be held by her for and during her natural life." The widow intermarried with O. L. Richardson, and, after his death, with Jas. H. Warner, who died December 20, 1900, having occupied the land in controversy until her death.

O. L. Richardson qualified as administrator of the estate of H. H. Collins on May 9, 1866, and acted in that capacity until his death in 1872. He filed an inventory of personal property, showing valuation aggregating the sum of $2,572.75, and three settlement accounts.

In February, 1873, Elizabeth B. Richardson was appointed administratrix of the estate of H. H. Collins, deceased, and at the April term, 1873, of the Chicot County Probate Court filed her petition, seeking a sale of the lands for the balance found in the first and third settlements of O. L. Richardson, as administrator of said estate, as expenses of administration in the sum of $3,590.33. A suit was filed by a part of the heirs of H. H. Collins in the circuit court of Chicot County in chancery to enjoin the sale sought, and said case was disposed of as shown in *Collins* v. *Warner,* 32 Ark. 87.

James H. Warner intermarried with said Elizabeth B., and became administrator *de bonis non* of the Collins estate, and also administrator *de bonis non* of the estate of O. L. Richardson, deceased. The lands were sold by Jas. H. Warner, as administrator of the Collins estate, and purchased by said Elizabeth B., pursuant to an order made by the probate court on October 11, 1880, in the following words:

"James H. Warner, as administrator *de bonis non,* with the will annexed, of the estate of Henry Collins, deceased, and as administrator *de bonis non* of the estate of Owen L. Richardson, deceased, and Elizabeth B. Warner, as a legatee in said will as creditor of the estate of Henry H. Collins, deceased, against Sanford Collins, Thomas Collins, Samuel Collins, John H. Collins, James Edward Collins, in his own right and in right of his wife and children, and Robert Collins, legatees under the will of Henry H. Collins, deceased, Ann Eliza Collins, Bettie Collins, Benjamin Collins, Ephia Collins and Henry Collins,

children and heirs at law of Tolbert Collins, deceased, a legatee under said will, all of whom are residents of the State of Kentucky.

"On this day this cause came on to be heard upon the petition as originally filed, and the answer thereto and the reply, and the evidence from the assessment books of the county for 1860, 1861, 1862 and 1865, a part of the complaint of the defendants in a proceeding to enjoin this suit, and the depositions of the present plaintiffs or petitioners. And thereupon, after argument of counsel, the case was submitted to the court for determination, and the court, after due consideration, doth find for the petitioners, and, the court being fully advised of what order should be made in the case, it is therefore adjudged and ordered by the court that the claim of $3,590.33 in favor of representative of said estate of Owen L. Richardson, deceased, against the estate of said Henry H. Collins, deceased, and now amounting, with interest thereon at 6 per centum, to the sum of $5,313.68, be paid as expenses of administration. And it is further ordered that the lands of said estate, comprising as they do the greater part of Island 82, or so much thereof as may be necessary to pay said sum of $5,313.68, with interest and costs, be sold at public auction by said administrator *de bonis non* with the will annexed of the estate of Henry H. Collins," etc.

\*    \*    \*    \*    \*    \*    \*

"And it is further adjudged and decreed that the said Elizabeth B. Warner is, under the will of said Henry H. Collins, entitled to have, hold, receive and retain as her own property, in fee simple absolute, one-half of all the property of said estate, after the payment of said $5,313.68 and costs, and any additional expenses of administration attending the final settlement of said estate. And that she is entitled to have, hold, retain and receive as her own property, for life, the remaining one-half of said estate."

The sale under this order was reported to the probate court at the next term thereafter, and confirmed. Elizabeth B. Warner, during her occupancy of the land, executed several mortgages thereon to Thomas H. Allen & Co., and finally, on May 15, 1891, by her warranty deed conveyed the same to Thomas H. Allen; and the appellee herein acquired its claim of title through these conveyances made by said Elizabeth B. Warner.

On March 7, 1901, this suit was commenced in the chancery court of Chicot County by the heirs of the brothers of H. H. Collins named in said will against appellees, asking that the several conveyances made by said Elizabeth B. Warner and the conveyance to appellee be cancelled, and the title decreed to be in the plaintiffs. They also alleged that the defendant was cutting valuable timber from the lands, and prayed that it be enjoined from so doing, and that plaintiffs recover possession of the lands and the value of the timber cut.

Appellee answered, setting up title under the probate sale to Elizabeth B. Warner, and also pleaded laches on the part of plaintiffs in failing to assert their alleged rights in due season, and also pleading, respectively, the five and seven years statute of limitation.

From a decree dismissing the complaint for want of equity the plaintiffs appealed.

*Cook & Kendall* and *Joe T. Collins,* for appellants.

No title passed by the administrator's deed. 50 Ark. 188; 51 Ark. 34; 62 Ark. 439. The land could not be sold until the personalty was exhausted. 37 Ark. 157; 46 Ark. 373; 52 Ark. 322. The sale was void because fraudulently obtained. 26 Ark. 256; 47 Ark. 471; 48 Ark. 277; 56 Ark. 601; Mansf. Dig. § § 170, 171. A void judgment may be collaterally attacked. 48 Ark. 151.

*F. M. Rogers,* for appellee.

The judgment of the probate court is final, unless reversed on appeal. 13 Ark. 507; 31 Ark. 74; 47 Ark. 413; 52 Ark. 341. As a condition precedent to avoidance, the remaindermen must reimburse the life tenant all sums paid to remove incumbrances. 4 Kent, 75; 20 Ark. 381; 49 Ark. 242; 20 Ark. 359. Appellee is subrogated to Mrs. Warner's right to repayment. 47 Ark. 421; 50 Ark. 361; 56 Ark. 563.

McCULLOCH, J., (after stating the facts.) The jurisdiction of the chancery court to hear and determine this cause has not been challenged by appellee, either here or in the court below. The defendant being in possession of the lands holding adversely

to the plaintiffs, as shown by the complaint, and no ground for equitable relief being alleged, it is clear that the suit should have been commenced in the law court, or, after having been commenced in the court of equity, should have been transferred to the proper court; but, as appellee made no motion to transfer, and submitted to trial of the issues without objection in the court of equity, it is held to have waived its right to transfer the cause. *Apperson* v. *Ford*, 23 Ark. 746; *Talbot* v. *Wilkins*, 31 Ark. 411; *Moss* v. *Adams*, 32 Ark. 562; *Organ* v. *M. & L. R. Ry. Co.*, 51 Ark. 235; *Harris* v. *Townsend*, 52 Ark. 411; *Love* v. *Bryson*, 57 Ark. 589.

Appellee's title is based upon the sale made by the administrator of the Collins estate under an order of the probate court, which shows on its face that the sale was ordered for the payment of expenses of administration incurred by a former administrator. Has the probate court jurisdiction to order the sale of lands of a decedent for expenses of administration?

"Lands and tenements shall be assets in the hands of every executor or administrator for the payment of the debts of the testator or intestate." Kirby's Dig. § 186. In *Mays* v. *Rogers*, 52 Ark. 320, this court held that "where there are no debts due by the decedent, there can be no sale of lands of his estate to pay the expenses of an administration had thereon." The court in that case further said: "To what extent the right to resort to the lands for the sole purpose of paying the expenses of administering the estate is limited has not been fully argued by counsel, and it is not now determined. In every case, however, where an application is made to sell lands solely for the expenses of administering the estate, it must be made to appear that the expenses were incurred in the course of administering the estate to pay debts due personally by the decedent." *Stewart* v. *Smiley*, 46 Ark. 373; Rorer, Jud. Sales, § 236; *Torrance* v. *Torrance*, 53 Pa. St. 505; *Dubois* v. *McLean*, 4 McLean, 486; *Farrar* v. *Dean*, 24 Mo. 16; *Sumner* v. *Williams*, 8 Mass. 199; *Walker* v. *Diehl*, 79 Ill. 473; *Moore* v. *Ware*, 51 Miss. 206; 2 Woerner, Am. Law of Administration, § 469.

The probate court is a court of superior jurisdiction, and, within its jurisdictional limits, its judgments import absolute verity, the same as other superior courts. *Borden* v. *State*, 11

Ark. 519; *Curry* v. *Franklin,* 51 Ark. 338; *Montgomery* v. *Johnson,* 31 Ark. 74; *Apel* v. *Kelsey,* 52 Ark. 341; *Alexander* v. *Hardin,* 54 Ark. 480.   But where its judgment shows affirmatively on the face that the court was proceeding in a matter over which it had no jurisdiction, or acting beyond its jurisdictional limits, such judgment is void.   *Guynn* v. *McCauley,* 32 Ark. 97; *Summers* v. *Howard,* 33 Ark. 490; *Meyer* v. *Rousseau,* 47 Ark. 460.

The confirmation cures all irregularities in the sale or the order therefor, but not jurisdictional defects.   The order of sale here shows affirmatively that it was made to pay expenses of administration, and not debts of the decedent, and is therefore void.   It does not show either that the sale was to pay debts or for "expenses of administration incurred in the course of administering the estate to pay debts due personally by the decedent."

As to the undivided half of the lands which fell to the widow, Elizabeth B. Collins, under the will of H. H. Collins, the statute of limitations did not begin to run until after the death of the widow, and, for that reason, the plaintiffs are not barred.   *Kessinger* v. *Wilson,* 53 Ark. 400; *Moore* v. *Childress,* 58 Ark. 510; *Ogden* v. *Ogden,* 60 Ark. 70; *Morrow* v. *James,* 69 Ark. 539.

The right of action of the heirs as to the other half of the land has been complete since the date of the void sale, and the same is barred by the statute.   The proof shows that the widow has been in possession of the land since the date of the sale, exercising acts of ownership inconsistent with any recognition of the rights of the heirs.   She repeatedly mortgaged the lands, warranting the title thereto, and, in 1891, executed a deed with full covenants of warranty purporting to convey the title in fee.

So the decree is affirmed as to an undivided one-half of the lands; and as to the other half, the cause is reversed, with directions to enter a decree for appellants.

HILL, C. J., not participating.   BATTLE, J., dissents on the ground that the chancery court had no jurisdiction.