BECKETT *v.* WHITTINGTON.

Opinion delivered October 18, 1909.

1. ADMINISTRATION—CONCLUSIVENESS OF SETTLEMENTS.—An order of the probate court confirming an administrator's settlement is a judgment binding upon all persons interested in such estate, and conclusive of

all matters embraced in such settlement, and within the scope of the proceedings.   (Page 234.)

2.   SAME—EFFECT OF CONFIRMATION OF FINAL SETTLEMENT.—When the probate court confirms the final settlement of an administrator and closes the administration, it is a conclusive finding that all the assets of the estate have been reported and administered, and that all matters of the accounting have been fully and finally made, and that the jurisdiction of the probate court over the estate is at an end.   (Page 235.)

3.   SAME—REOPENING SETTLEMENT IN EQUITY.—If, through fraud, accident or mistake, any property of an estate which has been settled has not been reported, accounted for or administered, equity has jurisdiction to set aside the judgment of the porbate court confirming the final settlement and remand the administration, if deemed necessary, to the probate court for further action.   (Page 235.)

4.   SAME—FINAL SETTLEMENT—REOPENING.—An order of the probate court appointing an administrator in succession after the former administrator's final settlement has been approved is without jurisdiction and void.   (Page 236.)

Appeal from Columbia Chancery Court; *Emon O. Mahoney,* Chancellor; affirmed.

*Stevens & Stevens,* for appellant.

1.   The burden was on Whittington to show a valid settlement.   24 Ark. 124; 68 Ark. 284.   He has not shown it.

2.   The probate court had jurisdiction to appoint a second administrator.   Const. Ark., art. 7, § 24; Kirby's Dig. §§ 20, 21 ; 46 Ark. 373; 46 *Id.* 467; Kirby's Dig. § 46.

3.   It is proper to appoint an administrator *de bonis non* on discovery of assets subsequent to the discharge of the former administrator.   18 Cyc. 105; 65 S. W. 713.   A right of action which survives to the estate is sufficient for such appointment.   18 Cyc. 104-106.

4.   The action of the probate court is final except on appeal.   33 Ark. 575; 44 *Id.* 496.

5.   The administrator in succession has capacity to sue.   35 Ark. 289; 83 Ark. 495.

*C. W. McKay* and *J. G. Lile,* for appellee.

1.   It is the duty of a surviving partner to wind up the partnership affairs and make settlement with the proper party, *i. e.,* the administrator.   69 Ark. 237, 242; 83 Ark. 311.   The partner-

ship must be settled up as of the day of its dissolution—the death of the partner. 30 Cyc. 620 to 649.

2. The probate court was without jurisdiction to appoint Beckett administrator. The appointment was therefore void, and he had no legal capacity to sue. 23 Cyc. 1070; 18 Cyc. 141; Kirby's Dig., § 45; 34 Ark. 63; *Id.* 117; Kirby's Dig., § 140; 42 Ark. 186; 40 Ark. 393; 36 Ark. 383; 33 Ark. 727; 77 Ark. 351. All parties interested in an estate having the right to go into chancery and have a judgment of the probate court set aside for fraud, accident or mistake, and the matter remitted to that court for further administration, they are thereby amply protected, and there is no necessity for a second administration; neither does the law authorize it. 20 Miss. 153. The only occasion for an administrator in succession or *de bonis non* is where the administrator dies, resigns or his letters are revoked.

FRAUENTHAL, J. On the 3d day of October, 1907, S. C. Beckett, as administrator of the estate of J. S. Dawson, deceased, instituted this suit in Columbia Chancery Court against the defendant below, D. C. Whittington, and in his complaint alleged that the decedent and defendant were, prior to decedent's death, equal partners in the ownership and operation of a mill and gin; and upon the death of Dawson in 1902 the defendant as surviving partner retained possession of all the partnership property and continued to carry on the partnership business; and he asked for an accounting and settlement of said partnership.

The defendant in his answer alleged that upon the death of said J. S. Dawson the probate court of Columbia County duly appointed one O. H. V. Dawson administrator of his said estate, and that he had duly administered on said estate, and had duly filed his final settlement as such administrator in 1905; and that said final settlement was duly confirmed by the Columbia Probate Court; and by the judgment of said probate court made in 1905 said administration of said estate was fully and finally closed, and said administrator discharged. That thereafter and in 1907 S. C. Beckett was appointed administrator of the said estate of J. S. Dawson, and that such appointment was without authority of law and without the jurisdiction of said probate court; and that on this account the said Beckett had not the legal capacity to represent said estate or to institute this suit. He

further alleged that, as surviving partner of J. S. Dawson, he
had made a full settlement of said partnership in 1903 with the
said O. H. V. Dawson as administrator of said estate.

It appears from the evidence adduced in the case that on or
about January 1, 1901, J. S. Dawson and D. C. Whittington be-
came equal partners in the ownership and operation of a mill
and gin, and that the partnership business continued until the
death of Dawson on August 28, 1902; and that thereafter the
defendant as surviving partner retained the partnership property.
On October 20, 1902, O. H. V. Dawson was by the probate court
of Columbia County duly appointed administrator of the estate
of J. S. Dawson, deceased, and duly qualified as such adminis-
trator. As such administrator, he duly filed inventory of said
estate and made settlements thereof in said probate court. Imme-
diately after his appointment as such administrator, and in 1902,
he investigated the affairs, business and properties of said part-
nership; and in 1903 he had negotiations with the defendant for
the purpose of making a settlement of the said partnership. The
defendant testified that a full settlement of all the assets and
affairs of said partnership was made, and in pursuance thereof
the said administrator by bill of sale transferred to defendant
all the title and interest of said estate in said partnership proper-
ties and business. Upon the part of the plaintiff the testimony
tended to show that while such negotiations for a settlement
were made and a bill of sale for certain properties of the partner-
ship executed by said former administrator, the settlement did
not include all the properties of the partnership and was not fully
consummated.

Thereafter on March 31, 1905, the said O. H. V. Dawson,
as administrator of the estate of J. S. Dawson, filed in said pro-
bate court his second and final settlement. This settlement was
at the following term duly confirmed by the judgment of said
probate court, and the administration of said estate adjudged
closed by the following order:

"SECOND AND FINAL SETTLEMENT CONFIRMED.

"This settlement, having been filed at the last term of this
court, as required by law, is this day submitted, and the court,
upon examination, finding that said settlement has been duly
advertised according to law, and that proper vouchers have been

filed for the credits asked, and the court finds further that said administrator has faithfully discharged his duties as such administrator and has turned over all moneys and other property belonging to said estate, and now asks the court to discharge him and his bondsmen from any further responsibilities as such administrator and bondsmen. And the court is of the opinion that said settlement should be approved, and the administrator and his bondsmen discharged. It is therefore considered, ordered and adjudged by the court that the settlement herein be and is hereby approved and confirmed and ordered recorded as the law directs, and it is further ordered by the court that the administrator and bondsmen herein be, and the same are, hereby discharged."

On October 3, 1907, S. C. Beckett was appointed administrator of the estate of J. S. Dawson, deceased, by the Columbia Probate Court; and on the same day instituted this suit.

Upon the trial of this cause by the chancery court, that court found that the plaintiff had no legal capacity to maintain this action, and entered a decree dismissing the complaint. From that decree the plaintiff prosecutes this appeal.

The merits of this appeal are determined by the nature and effect of an order of the probate court confirming the final settlement of an administrator and closing the administration of the estate of the decedent and discharging the administrator because of the full and final accounting of the estate. It has been uniformly held by this court that the probate courts are superior courts, and that the orders of those courts are judgments, and are final and conclusive like the judgments of any superior court. By the Constitution the courts of probate have original jurisdiction in all matters relating to the estates of deceased persons and administrators. In the administration of the estates of decedents settlements are made by the administrator of such estates, and the probate court has the exclusive original right to pass on such settlements; and when these settlements are confirmed (and no appeal taken therefrom), they cannot thereafter be investigated, except in a court of chancery for fraud or some other recognized ground of equitable jurisdiction.

Section 140 of Kirby's Digest provides that: "Any person interested as heir, legatee or creditor may file exceptions to such account, * * * and such account when confirmed shall

never thereafter be subject to investigation unless in a court of chancery. " *Borden* v. *State,* 11 Ark. 519; *Dooley* v. *Dooley,* 14 Ark. 122; *Reinhardt* v. *Gartrell,* 33 Ark. 727; *Mock* v. *Pleasants,* 34 Ark. 63; *Jones* v. *Graham,* 36 Ark. 383; *Trimble* v. *James,* 40 Ark. 393; *Currie* v. *Franklin,* 51 Ark. 338; *Washington* v. *Govan,* 73 Ark. 612; *Hare* v. *Shaw,* 84 Ark. 32; *Nelson* v. *Cowling,* 89 Ark. 334; 18 Cyc. 1119, 1188.

The settlements are an accounting of the assets of the estate and of the disbursements and disposition of those assets. Provision is made for the giving of notice of the pendency of such settlements, and thereby all persons interested therein are given their day in court in the examination of and the passing upon said settlements by the court. The orders of the probate court confirming the settlements thereby become ¡binding upon all persons interested in the estate, and are judgments, and as such judgments they are conclusive of all matters embraced in the settlements and of all matters belonging to and within the scope of such proceedings. The final settlement is the last accounting of the assets of the estate, and, in conjunction with the annual settlement filed and acted upon by the court prior thereto, presents the issues that are to be determined by the probate court when it renders its judgment thereon. Those issues presented by such final settlement, in conjunction with the previous settlements, are that all assets of the estate have been duly reported and accounted for; that all the assets of the estate have been duly administered. And when the probate court confirms the final settlement and closes the administration, it finds that all the assets of the estate have been reported and administered, and that all matters of the accounting have been fully and finally made, and that the jurisdiction of the probate court over the estate is at an end. And such judgment is conclusive of these findings.

If, through fraud, accident or mistake, any property of said estate has not been actually reported, accounted for or actually administered, a chancery court has jurisdiction to investigate such charge and to set aside such judgment confirming the final settlement and closing the administration. When that is done, the chancery court will remand the administration, if deemed necessary, to the probate court to be proceeded with. *Reinhardt* v. *Gartrell,* 33 Ark. 727; *Shegogg* v. *Perkins,* 34 Ark. 117.

But, until such judgment confirming the final settlement is set aside by the chancery court, the probate court has no further jurisdiction over the estate. And it cannot therefore, after confirmation of the final settlement and the judgment closing the administration, appoint an administrator in succession, unless the the same shall be set aside by the chancery court. Under such circumstances the order of the probate court appointing an administrator in succession would be a nullity. As is said in the case of *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81: "The probate court is a court of superior jurisdiction, and within its jurisdictional limits its judgments import absolute verity, the same as other superior courts. But where its judgment shows affirmatively on the face that the court was proceeding in a matter over which it had no jurisdiction, or acting beyond its jurisdictional limits, such judgment is void." *Myrick* v. *Jacks,* 33 Ark. 428; *Meyer* v. *Rousseau,* 47 Ark. 462; *Wallace* v. *Turner,* 89 S. W. (Tex.) 432.

It is urged by counsel for appellant that the probate court is authorized to appoint an administrator in succession after confirmation of final settlement by virtue of section 46 of Kirby's Digest. That section was enacted by the act of the General Assembly approved March 13, 1889; and in that act it is a part of one section, of which the following section 47 of Kirby's Digest is the other part. Prior to the passage of that act the administrator *de bonis non,* or, as he is here denominated, in succession, could not sue the former administrator and the sureties on his bond for property of the estate wrongfully converted by his predecessor, who had died, resigned or been removed. *State* v. *Rottaken,* 34 Ark. 144; *Brice* v. *Taylor,* 51 Ark. 75.

And this enactment was for the purpose of giving such succeeding administrator that power and authority. Section 46 of Kirby's Digest provides that the administrator in succession can only be appointed "before the estate has been fully administered and settled." But when the final settlement is confirmed it is conclusively determined that the estate has been fully administered and settled; and therefore after such confirmation of the final settlement, and while it is in full force and effect, such administrator in succession cannot be appointed. 18 Cyc. 1119.

After the confirmation of the final settlement of an administrator, if there still remain assets unadministered and indebted-

ness against the estate still unpaid, then, upon a suit brought by any heir, distributee or creditor of said decedent, a court of chancery, upon a proper and sufficient showing for equitable relief, would have jurisdiction to uncover such assets and set aside such order of confirmation of the final settlement. See cases above cited. If, however, there was no indebtedness against the estate unpaid, then the heirs and distributees of the decedent would have the right to institute a suit in the proper court for the recovery of such assets. *Crane* v. *Crane,* 51 Ark. 287; *Winningham* v. *Holloway,* 51 Ark. 385; *Sanders* v. *Moore,* 52 Ark. 376; *Jordan* v. *Hunnell,* 96 Ia. 334.

It follows that the appointment of the appellant as administrator in succession of the estate of J. S. Dawson after the order of the probate court confirming the final settlement of the former administrator and the closing of the administration of the estate, and while said order and judgment was in full force, was beyond the power and jurisdiction of the probate court; and therefore the appellant had no legal capacity to institute this action.

The decree is affirmed.